LMN:SSS
F.#2009R00508/OCDETF #NY-NYE-598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -



ELIJAH EMANUEL BROWN,
    also known as "Shek,"

DESMOND CAMPBELL,
    also known as "Leon,"
TYRONE CAMPBELL,
    also known as "Duck,"

ANN-MARIE RAMSAY FISHER,


PHILLIP HANSON,


ORTAVIA LAMANDEZ AUSTIN,
    also known as "Mandez,"
STEPHEN LEE,
    also known as "Chino,"
DERRICK MAGNUS,
    also known as "Brownman,"


SIMONE PENROSE,


DOUGLAS ROSE,

SUPERSEDING
INDICTMENT

Cr. No. 09-119 (S-7)(ARR)

(T. 21, U.S.C., §§ 848(a),
848(b), 848(c), 853(a),
853(p), 952(a), 959(a),
959(c), 960(a)(1),
960(a)(3),
960(b)(1)(B)(ii),
960(b)(1)(G), 960(b)(2)(G)
and 963; T. 18, U.S.C.,
§§ 982, 1956(h), 2 and
3551 et seq.)



                        Defendants.
- - - - - - - - - - - - - - - -X

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Continuing Criminal Enterprise)

        1.    On or about and between August 1, 2004 and October
22, 2009, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendant ▌▌▌
▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ together with others, did knowingly
and intentionally engage in a continuing criminal enterprise, in
that the defendant ▌▌▌▌▌▌▌ committed violations of Title 21,
United States Code, Sections 952(a), 959(a), 960 and 963,
including Violations One through Five set forth below, which
violations were part of a continuing series of violations of
those statutes undertaken by the defendant ▌▌▌▌▌▌▌ in concert
with five or more other persons, with respect to whom the
defendant ▌▌▌▌▌▌ occupied an organizer, supervisory and
management position, and from which continuing series of
violations the defendant ▌▌▌▌▌▌ obtained substantial income
and resources.  The continuing series of violations, as defined
by Title 21, United States Code, Section 848(c), included
Violations One through Five set forth below.

<u>Violation One</u>

2.   The defendant ████████ committed the following acts, either of which alone constitutes Violation One:

A.   Attempted International Distribution of
<u>Approximately 970 Kilograms of Marijuana</u>

3.   On or about and between October 3, 2007 and October 10, 2007, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant ████████ together with others, did knowingly and intentionally attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved 100 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3), 960(b)(2)(G) and 963, and Title 18, United States Code, Section 2.

B.   Attempted Importation of
<u>Approximately 970 Kilograms of Marijuana</u>

4.   On or about October 10, 2007, within the Southern District of Florida and elsewhere, the defendant ████████, together with others, did knowingly and intentionally attempt to import a controlled substance into the United States from a place outside thereof, which offense involved 100 kilograms or more of a substance containing marijuana, a Schedule I controlled

3

substance, in violation of Title 21, United States Code, Sections
952(a), 960(a)(1), 960(b)(2)(G) and 963, and Title 18, United
States Code, Section 2.

### Violation Two

5.   The defendant ████████████ committed the following
acts, either of which alone constitutes Violation Two:

A.   Attempted International Distribution of
     Approximately 1,070 Kilograms of Marijuana

6.   On or about and between November 1, 2007 and
November 28, 2007, both dates being approximate and inclusive,
within the extraterritorial jurisdiction of the United States,
the defendant ████████████ together with others, did knowingly
and intentionally attempt to distribute a controlled substance,
intending and knowing that such substance would be unlawfully
imported into the United States from a place outside thereof,
which offense involved 1,000 kilograms or more of a substance
containing marijuana, a Schedule I controlled substance, in
violation of Title 21, United States Code, Sections 959(a),
959(c), 960(a)(3), 960(b)(1)(G) and 963, and Title 18, United
States Code, Section 2.

B.   Attempted Importation of
     Approximately 1,070 Kilograms of Marijuana

7.   On or about November 28, 2007, within the Eastern
District of New York and elsewhere, the defendant ████████████
together with others, did knowingly and intentionally attempt to

4

import a controlled substance into the United States from a place outside thereof, which offense involved 1,000 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1), 960(b)(1)(G) and 963, and Title 18, United States Code, Section 2.

Violation Three

8.   The defendant ▬▬▬▬ committed the following acts, either of which alone constitutes Violation Three:

A.   International Distribution of
     <u>Approximately 2,760 Kilograms of Marijuana</u>

9.   On or about and between September 1, 2008 and September 13, 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ▬▬▬▬, together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved 1,000 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(G), and Title 18, United States Code, Section 2.

5

B.   Importation of Approximately
     2,760 Kilograms of Marijuana

10.   On or about September 13, 2008, within the Southern District of Florida and elsewhere, the defendant ▓▓▓▓ ▓▓▓▓▓ together with others, did knowingly·and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved 1,000 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 952(a), 960(a)(1) and 960(b)(1)(G), and Title 18, United States Code, Section 2.

### Violation Four

11.   The defendant ▓▓▓▓▓▓▓ committed the following acts, either of which alone constitutes Violation Four:

A.   Attempted International Distribution of
     Approximately 130 Kilograms of Cocaine

12.   On or about and between September 23, 2008 and October 7, 2008, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant ▓▓▓▓▓▓▓ together with others, did knowingly and intentionally attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in

6

violation of Title 21, United States Code, Sections 959(a),
959(c), 960(a)(3), 960(b)(1)(B)(ii) and 963, and Title 18, United
States Code, Section 2.

     B.   Attempted Importation of Approximately
          130 Kilograms of Cocaine

     13.  On or about October 7, 2008, within the Eastern
District of New York and elsewhere, the defendant ███████████
together with others, did knowingly and intentionally attempt to
import a controlled substance into the United States from a place
outside thereof, which offense involved five kilograms or more of
a substance containing cocaine, a Schedule II controlled
substance, in violation of Title 21, United States Code, Sections
952(a), 960(a)(1), 960(b)(1)(B)(ii) and 963, and Title 18, United
States Code, Section 2.

Violation Five

     14.  The defendant ███████████ committed the following
acts, either of which alone constitutes Violation Five:

     A.   Attempted International Distribution of
          Approximately 245 Kilograms of Marijuana

     15.  On or about and between September 30, 2008 and
October 9, 2008, both dates being approximate and inclusive,
within the extraterritorial jurisdiction of the United States,
the defendant ███████████ together with others, did knowingly
and intentionally attempt to distribute a controlled substance,
intending and knowing that such substance would be unlawfully

7

imported into the United States from a place outside thereof, which offense involved 100 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3), 960(b)(2)(G) and 963, and Title 18, United States Code, Section 2.

      B.    Attempted Importation of Approximately
             245 Kilograms of Marijuana

    16.  On or about October 9, 2008, within the Eastern District of New York and elsewhere, the defendant ▓▓▓▓▓▓▓ together with others, did knowingly and intentionally attempt to import a controlled substance into the United States from a place outside thereof, which offense involved 100 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1), 960(b)(2)(G) and 963, and Title 18, United States Code, Section 2.

    (Title 21, United States Code, Sections 848(a), 848(b) and 848(c); Title 18, United States Code, Sections 3551 et seq.)

COUNT TWO
(International Conspiracy to Distribute Marijuana)

    18.  On or about and between August 1, 2004 and October 22, 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ELIJAH EMANUEL BROWN, also known as "Shek," ▓▓▓▓▓▓▓▓▓▓▓▓▓

DESMOND CAMPBELL, also known as "Leon," TYRONE CAMPBELL, also known as "Duck," ████████████████████████████████████████

████████████████████████████ ANN-MARIE RAMSAY FISHER,████████

████████████████████████████████████████████████████████

████████ PHILLIP HANSON,████████████████████████████████

████████████████ORTAVIA LAMANDEZ AUSTIN, also known as "Mandez,"

STEPHEN LEE, also known as "Chino," DERRICK MAGNUS, also known as

"Brownman," ████████████████████████████████████████████

████████████████████████SIMONE PENROSE,████████████████

████████████████████DOUGLAS ROSE,████████████████████████

████████████████████████████████████████████████████████

████████████████████████████ together with others, did knowingly

and intentionally conspire to distribute a controlled substance,

intending and knowing that such substance would be unlawfully

imported into the United States from a place outside thereof,

which offense involved 1,000 kilograms or more of a substance

containing marijuana, a Schedule I controlled substance, in

violation of Title 21, United States Code, Section 959(a).

(Title 21, United States Code, Sections 963, 959(c),
960(a)(3) and 960(b)(1)(G); Title 18, United States Code,
Sections 3551 et seq.)

COUNT THREE
(Conspiracy to Import Marijuana)

17. On or about and between August 1, 2004 and October

22, 2009, both dates being approximate and inclusive, within the

9

Eastern District of New York and elsewhere, the defendants ELIJAH

EMANUEL BROWN, also known as "Shek," ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

DESMOND CAMPBELL, also known as "Leon," TYRONE CAMPBELL, also

known as "Duck," ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ PHILLIP HANSON,

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓" ORTAVIA

LAMANDEZ AUSTIN, also known as "Mandez," STEPHEN LEE, also known

as "Chino," DERRICK MAGNUS, also known as "Brownman,"▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ DOUGLAS ROSE, ▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ together

with others, did knowingly and intentionally conspire to import a

controlled substance into the United States from a place outside

thereof, which offense involved 1,000 kilograms or more of a

substance containing marijuana, a Schedule I controlled

substance, in violation of Title 21, United States Code, Section

952(a).

(Title 21, United States Code, Sections 963, 960(a)(1)

and 960(b)(1)(G); Title 18, United States Code, Sections 3551 et

seq.)

## COUNT FOUR
### (International Distribution of Marijuana - Approximately 3,500 Kilograms of Marijuana)

19.  On or about and between April 13, 2007 and April
25, 2007, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants
PHILLIP HANSON, ████████ and STEPHEN LEE, also known as
"Chino," together with others, did knowingly and intentionally
distribute a controlled substance, intending and knowing that
such substance would be unlawfully imported into the United
States from a place outside thereof, which offense involved 1,000
kilograms or more of a substance containing marijuana, a Schedule
I controlled substance.

(Title 21, United States Code, Sections 959(a), 959(c),
960(a)(3) and 960(b)(1)(G); Title 18, United States Code,
Sections 2 and 3551 et seq.)

## COUNT FIVE
### (Importation of Marijuana - Approximately 3,500 Kilograms of Marijuana)

20.  On or about April 25, 2007, within the Eastern
District of New York and elsewhere, the defendants PHILLIP
HANSON, ████████ and STEPHEN LEE, also known as "Chino,"
together with others, did knowingly and intentionally import a
controlled substance into the United States from a place outside
thereof, which offense involved 1,000 kilograms or more of a

11

substance containing marijuana, a Schedule I controlled substance.

(Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(1)(G); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT SIX
(Attempted International Distribution of Marijuana -
Approximately 970 Kilograms of Marijuana)

21.   On or about and between October 3, 2007 and October 10, 2007, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants ████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████ ORTAVIA LAMANDEZ AUSTIN, also known as "Mandez," DERRICK MAGNUS, also known as "Brownman," ████████████████████████████████ ████████████████████████████ together with others, did knowingly and intentionally attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved 100 kilograms or more of a substance containing marijuana, a Schedule I controlled

substance, in violation of Title 21, United States Code, Section
959(a).

       (Title 21, United States Code, Sections 963, 959(c),
960(a)(3) and 960(b)(2)(G); Title 18, United States Code,
Sections 2 and 3551 et seq.)

COUNT SEVEN
(Attempted Importation of Marijuana -
Approximately 970 Kilograms of Marijuana)

       22.   On or about October 10, 2007, within the Southern
District of Florida and elsewhere, the defendants ██████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████ ORTAVIA LAMANDEZ AUSTIN, also known
as "Mandez," DERRICK MAGNUS, also known as "Brownman," ██████
███████████████████████████████████████████████████████████
██████ together with others, did knowingly and intentionally
attempt to import a controlled substance into the United States
from a place outside thereof, which offense involved 100
kilograms or more of a substance containing marijuana, a Schedule
I controlled substance, in violation of Title 21, United States
Code, Section 952(a).

       (Title 21, United States Code, Sections 963,
960(a)(1) and 960(b)(2)(G); Title 18, United States Code,
Sections 2 and 3551 et seq.)

13

## COUNT EIGHT
(Attempted International Distribution of Marijuana -
Approximately 1,985 Kilograms of Marijuana)

23.  On or about and between October 4, 2007 and
October 23, 2007, both dates being approximate and inclusive,
within the extraterritorial jurisdiction of the United States,
the defendants ████████████████████████████████████████████
████████████████████████ PHILLIP HANSON, ████████████████
STEPHEN LEE, also known as "Chino," and ████████████████
████████████████ together with others, did knowingly and
intentionally attempt to distribute a controlled substance,
intending and knowing that such substance would be unlawfully
imported into the United States from a place outside thereof,
which offense involved 1,000 kilograms or more of a substance
containing marijuana, a Schedule I controlled substance, in
violation of Title 21, United States Code, Section 959(a).

(Title 21, United States Code, Sections 963, 959(c),
960(a)(3) and 960(b)(1)(G); Title 18, United States Code,
Sections 2 and 3551 et seq.)

## COUNT NINE
(Attempted Importation of Marijuana -
Approximately 1,985 Kilograms of Marijuana)

24.  On or about October 23, 2007, within the Eastern
District of New York and elsewhere, the defendants ████████████
████████████████████████████████████████████████████████████
████████████ PHILLIP HANSON, ████████████████ STEPHEN LEE, also known

14

as "Chino," and ██████████████████████████ together

with others, did knowingly and intentionally attempt to import a

controlled substance into the United States from a place outside

thereof, which offense involved 1,000 kilograms or more of a

substance containing marijuana, a Schedule I controlled

substance, in violation of Title 21, United States Code, Section

952(a).

(Title 21, United States Code, Sections 963, 960(a)(1)

and 960(b)(1)(G); Title 18, United States Code, Sections 2 and

3551 et seq.)

COUNT TEN

(Attempted International Distribution of Marijuana -
Approximately 1,070 Kilograms of Marijuana)

25.   On or about and between November 1, 2007 and

November 28, 2007, both dates being approximate and inclusive,

within the extraterritorial jurisdiction of the United States,

the defendants ████████████████████████████████

████████████████████████████████████████████████

together with others, did knowingly and intentionally attempt to

distribute a controlled substance, intending and knowing that

such substance would be unlawfully imported into the United

States from a place outside thereof, which offense involved 1,000

kilograms or more of a substance containing marijuana, a Schedule

15

I controlled substance, in violation of Title 21, United States Code, Section 959(a).

(Title 21, United States Code, Sections 963, 959(c), 960(a)(3) and 960(b)(1)(G); Title 18, United States Code, Sections 2 and 3551 <u>et seq</u>.)

<u>COUNT ELEVEN</u>
(Attempted Importation of Marijuana -
Approximately 1,070 Kilograms of Marijuana)

26.  On or about November 28, 2007, within the Eastern District of New York and elsewhere, the defendants ▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ together with others, did knowingly and intentionally attempt to import a controlled substance into the United States from a place outside thereof, which offense involved 1,000 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 952(a).

(Title 21, United States Code, Sections 963, 960(a)(1) and 960(b)(1)(G); Title 18, United States Code, Sections 2 and 3551 <u>et seq</u>.)

<u>COUNT TWELVE</u>
(International Distribution of Marijuana -
Approximately 2,760 Kilograms of Marijuana)

27.  On or about and between September 1, 2008 and September 13, 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the

16

defendants ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ORTAVIA LAMANDEZ
AUSTIN, also known as "Mandez," DERRICK MAGNUS, also known as
"Brownman," ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓ together with others, did knowingly and intentionally
distribute a controlled substance, intending and knowing that
such substance would be unlawfully imported into the United
States from a place outside thereof, which offense involved 1,000
kilograms or more of a substance containing marijuana, a Schedule
I controlled substance.

(Title 21, United States Code, Sections 959(a), 959(c),
960(a)(3) and 960(b)(1)(G); Title 18, United States Code,
Sections 2 and 3551 et seq.)

## COUNT THIRTEEN
(Importation of Marijuana -
Approximately 2,760 Kilograms of Marijuana)

28. On or about September 13, 2008, within the
Southern District of Florida and elsewhere, the defendant ▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ORTAVIA LAMANDEZ AUSTIN, also known
as "Mandez," DERRICK MAGNUS, also known as "Brownman," ▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
together with others, did knowingly and intentionally import a
controlled substance into the United States from a place outside
thereof, which offense involved 1,000 kilograms or more of a

17

substance containing marijuana, a Schedule I controlled
substance.

        (Title 21, United States Code, Sections 952(a),
960(a)(1) and 960(b)(1)(G); Title 18, United States Code,
Sections 2 and 3551 <u>et seq.</u>)

COUNT FOURTEEN
(International Distribution of Marijuana -<br>Approximately 1,960 Kilograms of Marijuana)

        29.  On or about and between September 29, 2008 and
October 5, 2008, both dates being approximate and inclusive,
within the Eastern District of New York and elsewhere, the
defendant ███████████████ ████████████████ together with
others, did knowingly and intentionally distribute a controlled
substance, intending and knowing that such substance would be
unlawfully imported into the United States from a place outside
thereof, which offense involved 1,000 kilograms or more of a
substance containing marijuana, a Schedule I controlled
substance.

        (Title 21, United States Code, Sections 959(a), 959(c),
960(a)(3) and 960(b)(1)(G); Title 18, United States Code,
Sections 2 and 3551 <u>et seq.</u>)

COUNT FIFTEEN
(Importation of Marijuana -<br>Approximately 1,960 Kilograms of Marijuana)

        30.  On or about October 5, 2008, within the Southern
District of Georgia and elsewhere, the defendant ████████████

18

▆▆▆▆▆▆▆▆▆▆▆▆▆▆ together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved 1,000 kilograms or more of a substance containing marijuana, a Schedule I controlled substance.

(Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(1)(G); Title 18, United States Code, Sections 2 and 3551 <u>et seq.</u>)

<u>COUNT SIXTEEN</u>
(Attempted International Distribution of Cocaine -
Approximately 130 Kilograms of Cocaine)

31. On or about and between September 23, 2008 and October 7, 2008, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ together with others, did knowingly and intentionally attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule

II controlled substance, in violation of Title 21, United States

Code, Section 959(a).

(Title 21, United States Code, Sections 963, 959(c),

960(a)(3) and 960(b)(1)(B)(ii); Title 18, United States Code,

Sections 2 and 3551 et seq.)

COUNT SEVENTEEN
(Attempted Importation of Cocaine -
Approximately 130 Kilograms of Cocaine)

32.   On or about October 7, 2008, within the Eastern

District of New York and elsewhere, the defendants ███████████

████████████████████████████████████████████████████ and

████████████████████████████████ together with others, did

knowingly and intentionally attempt to import a controlled

substance into the United States from a place outside thereof,

which offense involved five kilograms or more of a substance

containing cocaine, a Schedule II controlled substance, in

violation of Title 21, United States Code, Section 952(a).

(Title 21, United States Code, Sections 963, 952(a),

960(a)(1) and 960(b)(1)(B)(ii); Title 18, United States Code,

Sections 2 and 3551 et seq.)

COUNT EIGHTEEN
(Attempted International Distribution of Marijuana -
Approximately 245 Kilograms of Marijuana)

33.   On or about and between September 30, 2008 and

October 9, 2008, both dates being approximate and inclusive,

within the extraterritorial jurisdiction of the United States,

20

the defendants ███████████████████████ DERRICK MAGNUS,
also known as "Brownman," and ███████████████████
█████████ together with others, did knowingly and intentionally
attempt to distribute a controlled substance, intending and
knowing that such substance would be unlawfully imported into the
United States from a place outside thereof, which offense
involved 100 kilograms or more of a substance containing
marijuana, a Schedule I controlled substance, in violation of
Title 21, United States Code, Section 959(a).

        (Title 21, United States Code, Sections 963, 959(c),
960(a)(3) and 960(b)(2)(G); Title 18, United States Code,
Sections 2 and 3551 et seq.)

                        COUNT NINETEEN
                (Attempted Importation of Marijuana -
              Approximately 245 Kilograms of Marijuana)

        34.  On or about October 9, 2008, within the Eastern
District of New York and elsewhere, the defendants █████████
██████████████████ DERRICK MAGNUS, also known as "Brownman,"
and ██████████████████████████████ together with others,
did knowingly and intentionally attempt to import a controlled
substance into the United States from a place outside thereof,
which offense involved 100 kilograms or more of a substance

                              21

containing marijuana, a Schedule I controlled substance, in

violation of Title 21, United States Code, Section 952(a).

(Title 21, United States Code, Sections 963,

960(a)(1) and 960(b)(2)(G); Title 18, United States Code,

Sections 2 and 3551 <u>et seq</u>.)

COUNT TWENTY
(Money Laundering Conspiracy)

35.   On or about and between August 1, 2004 and October

22, 2009, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, the defendants ▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ANN-MARIE RAMSAY FISHER, ▓▓▓▓▓▓▓

▓▓▓▓▓ and SIMONE PENROSE, together with others, did knowingly

and intentionally conspire to transport, transmit and transfer

monetary instruments and funds from a place in the United States

to and through a place outside the United States, to wit:

Jamaica, and to a place in the United States from and through a

place outside the United States, to wit: Jamaica, (a) with the

intent to promote the carrying on of specified unlawful activity,

to wit: narcotics trafficking, in violation of Title 18, United

States Code, Section 1956(a)(2)(A), and (b) knowing that the

monetary instruments and funds involved in the transportation,

transmission and transfer represented the proceeds of some form

of unlawful activity and that such transportation, transmission

and transfer were designed in whole or in part to conceal and

disguise the nature, the location, the source, the ownership and

22

the control of the proceeds of the specified unlawful activity,
and to avoid one or more transaction reporting requirements under
State and Federal law, in violation of Title 18, United States
Code, Section 1956(a)(2)(B).

(Title 18, United States Code, Sections 1956(h) and
3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE
(Continuing Criminal Enterprise)

36.   The United States hereby gives notice to the
defendant charged in Count One that, upon conviction of such
offense, the government will seek forfeiture in accordance with
Title 21, United States Code, Section 853, which requires any
person convicted of such offense to forfeit any property
constituting, or derived from, proceeds obtained, directly or
indirectly, and any property used, or intended to be used, in any
manner or part, to commit, or to facilitate the commission of,
such offense, and any interest in, claims against, and property
or contractual rights affording a source of control over, the
continuing criminal enterprise, including but not limited to a
sum of money equal to at least approximately $63 million in
United States currency.

37.   If any of the above-described forfeitable
property, as a result of any act or omission of the defendant:

(a)   cannot be located upon the exercise of due
diligence;

23

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

CRIMINAL FORFEITURE ALLEGATION AS TO
COUNTS TWO THROUGH NINETEEN
(Marijuana and Cocaine Trafficking)

38.   The United States hereby gives notice to the defendants charged in Counts Two through Nineteen that, upon conviction of any such offense, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853, which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, and any property used, or intended to be used, in any manner or part, to commit, or to

24

facilitate the commission of such offenses, including but not limited to a sum of money equal to at least approximately $63 million in United States currency.

       39.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

       (a)    cannot be located upon the exercise of due diligence;

       (b)    has been transferred or sold to, or deposited with, a third party;

       (c)    has been placed beyond the jurisdiction of the court;

       (d)    has been substantially diminished in value; or

       (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

       (Title 21, United States Code, Sections 853(a) and 853(p))

25

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT TWENTY
(Money Laundering Conspiracy)

40.   The United States hereby gives notice to the
defendants charged in Count Twenty that, upon their conviction of
such offense, the government will seek forfeiture in accordance
with Title 18, United States Code, Section 982, of all property
involved in such conspiracy in violation of Title 18, United
States Code, Section 1956(h), and all property traceable to such
property, including but not limited to a sum of money equal to at
least approximately $63 million in United States currency.

41.   If any of the above-described forfeitable
property, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due
diligence;

(b)   has been transferred or sold to, or deposited
with, a third party;

(c)   has been placed beyond the jurisdiction of
the court;

(d)   has been substantially diminished in value;
or

(e)   has been commingled with other property which
cannot be divided without difficulty;
it is the intent of the United States, pursuant to Title 18,
United States Code, Section 982, to seek forfeiture of any other

26

property of such defendants up to the value of the forfeitable

property described in this forfeiture allegation.

(Title 18, United States Code, Section 982)

A TRUE BILL

FOREPERSON

BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

27